FRANK RHONER AND OTHERS, APPELLANTS, *v.* THE FIRST NATIONAL BANK OF ALLENTOWN, PENNSYLVANIA, RESPONDENT.

THEODORE J. PALMER, AND OTHERS, APPELLANTS, *v.* THE SAME.

*National bank in another State — attachment against — cannot be issued before final judgment.*

An attachment cannot be issued against a national bank before final judgment, even though it has property within this State and is located and carries on business in another State. (*Southwick* v. *First National Bank of Memphis,* 7 Hun, 96, overruled.)

APPEAL from orders vacating warrants of attachment in the above entitled actions.

*F. A. Burnham,* for appellants.

*Peabody, Baker & Peabody,* for respondent.

BRADY, J.:

The defendant is a bank organized under an act of congress and located at Allentown, in the state of Pennsylvania, and the plaintiffs herein being creditors, and the defendants having property in this State, on application and proof of the facts stated, an attachment was issued. The defendant appeared for the purpose of moving to discharge the attachment, on the ground that by act of congress this court was prohibited from granting an attachment against such an association before final judgment, and the motion was made and was successful.

The appeal presents the question whether or not this relief was properly granted.

The precise question was considered in *Southwick* v. *The First National Bank of Memphis* (14 S. C. [7 Hun), 96), and disposed of adversely to the defendant, but the subsequent corrections by the Revised Statutes of 1874, to sections 5242, 5198, were not considered in that case, the decision in which rested upon the effect of the phraseology of the section criticised in the case mentioned. It was then held that the prohibition related only to

attachments against national banks in the place where they were located, and therefore this court had power to issue such process against a national bank, not located but having property in this State. The amendment suggested however removes the obscurity which led to the decision mentioned, by making the inhibition so sweeping as to relate to all actions against such associations. In the case of *The Central National Bank* v. *The Richland National Bank of Mansfield* (52 How. Rep., 136), Justice Barrett considers the question here involved, and expresses by his opinion the difference between the provisions already considered. He arrived at the conclusion that an attachment could not be legally issued, and his judgment in that respect seems to be correct. Congress had declared that it should not be done. This provision in the act of congress does not, however, affect the jurisdiction of this court over national banks. It limits only the exercise of authority by attachment, which is a provisional remedy, and not absolutely essential to jurisdiction, which may be acquired by other and inde pendent modes under the Code—sections 134, 135. The decisions are unanimous as to the power to relieve national banks from the garnishee process, said Barrett, J., in *The Central National Bank* v. *The Richland National Bank of Mansfield*, and this is all in effect that is done by the amendment suggested. It has frequently been held in this State that the form of the remedy may be changed without violating the provisions of our constitution, and the protection of banks created by national authority from the destructive process of a state court when ample remedies are given by the federal tribunal, is in no ways subversive of constitutional limitations. The states can exercise no control over national banks nor in any wise affect their operation except in so far as congress may see proper to permit. (*The Farmers' Bank* v. *Dearing*, 91 U. S. S. C. Rep., 34.) For these reasons the orders appealed from should be affirmed with ten dollars costs, and the disbursements of these appeals respectively.

Davis, P. J., concurred.

Present—Davis, P. J., Brady and Ingalls, JJ.

Orders affirmed with $10 costs and disbursements respectively.